**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MATTHEW D. CUYLER, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:09-CV-0498-RWS
ALLSTATE INSURANCE :
COMPANY, *et al.* :
:
    Defendants. :

## **ORDER**

This case is before the Court for consideration of Defendant's Joint Motion to Dismiss, or in the Alternative, for Judgment on the Pleadings [13] and Plaintiff's Motion to Waive Discovery and Expedite Case [19]. After reviewing the entire record, the Court enters the following Order.

## **Procedural Background**

On February 25, 2009, Plaintiff filed this action to recover damages against Defendants for violating his civil rights and to have criminal charges brought against the individual Defendants. (Compl. [1].) The claims arise out of an automobile accident that occurred on May 1, 2004, between Plaintiff and Pamela Anderson. Ms. Anderson was insured by Geico Insurance Company at

the time of the incident, and Plaintiff was insured by Allstate Insurance Company. Plaintiff sued Ms. Anderson in the matter of <u>Matthew Cuyler v. Pamela Anderson</u>, Superior Court of Fulton County, Civil Action No. 2004CV86997 and Anderson was granted summary judgment due to Plaintiff s failing to list this claim in his bankruptcy suit, barring recovery under the doctrine of judicial estoppel.[1] The Court specifically found that Plaintiff's conduct in that action constituted . . . fraud upon the court and a willful abuse of discovery procedures. (Order, Defs.' Br., Ex. A [13-1] at 2.)

Plaintiff filed an appeal as well as two new lawsuits, one against GEICO, <u>Matthew D. Cuyler v. GEICO</u>, Superior Court of Fulton County, Civil Action No. 2005CV103000, and the second against Anderson's attorneys, *Matthew D. Cuyler v. Nola Jackson and Law Firm of Cruser & Mitchell, LLP*, Superior Court of Fulton County, Civil Action No. 2005CV102727. These suits were ultimately resolved on a grant of summary judgment for the defendants. (Orders, Defs.' Br., Ex. B [13-4]

In the interim, Plaintiff filed suit against his own insurer, Allstate, in <u>Matthew D. Cuyler v. Allstate Insurance Co.</u>, Superior Court of Fulton County,

---

[1]Plaintiff originally named GEICO Insurance Company in *Matthew Cuyler v. Pamela Anderson*, Superior Court of Fulton County, Civil Action No. 2004CV86997.

2

Civil Action No. 2005CV109757. Allstate was awarded summary judgment as Plaintiff had not procured collision coverage or medical payments coverage in his Allstate policy. Plaintiff appealed to the Court of Appeals, which affirmed the trial court's ruling. Plaintiff filed a *Petition for Writ of Certiorari* which was denied by the Georgia Supreme Court on June 25, 2007. (Orders, Defs.' Br., Ex C [13-5].)

Plaintiff then filed <u>Matthew D. Cuyler v. Allstate Insurance Co. and Geico Insurance Co.</u>, Superior Court of Fulton County, Civil Action No. 2007CV144290 on December 20, 2007. Both Geico and Allstate were awarded summary judgment. (Orders, Defs.' Br., Ex. D [13-6]) Following these decisions, Plaintiff Cuyler sued the Fulton County Superior Court Judges (Goger, Newkirk and Downs), who participated at various levels in the summary judgment awards.[2] (Defs.' Br., Nichols Aff., Ex. E [13-6].)

In the present case, Plaintiff appears to allege civil rights violations against the Defendants pursuant to the Fourteenth Amendment of the United States Constitution, as well as under 42 U.S.C.A. §1983 and 42 U.S.C.A.

---

[2] Judge Goger was the first presiding Judge over the <u>Matthew D. Cuyler v. Allstate Ins. Co. and Geico Ins. Co.</u> Judge Goger was sued upon the grant of summary judgment to Geico. The case was then reassigned to Judge Newkirk. Judge Newkirk and Judge Downs were sued upon Judge Newkirk's grant of summary judgment to Allstate Insurance.

3

§1985. (Compl. [1].) His Complaint seeks to recover $2,500,000.00 in damages from Allstate Insurance Company and $2,500,000.00 in damages from Geico Insurance Company. (Id. ¶ 6.) Plaintiff asserts that Geico intentionally refused to pay a liability claim and that it conspired with judges to dismiss his case. (Id. ¶ 4.) Plaintiff claims that both Allstate and Geico negligently and intentionally refused to reimburse him for rental car expenses, denied coverage, and denied him monies for pain and suffering. (Id. ¶ 3.)

Plaintiff also alleges separate claims against attorneys Jennifer Nichols and J. Robb Cruser pursuant to 18 U.S.C.A. §242, seeking criminal charges against them because they are officers of the court and have been sworn in to uphold the laws of this State and the United States Constitution and that they conspired with Allstate and Geico Insurance Co. (Id. *¶ Jurisdiction.*) Plaintiff further alleges that these attorneys conspired with judges to deprive him of his rights to a trial by jury and that they violated his right to a fair opportunity to be heard by committing fraud.(Id. ¶ 5.)

## Discussion

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation

4

omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273, n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 127 S. Ct. At 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for alleged violations of his civil rights. "To sustain a cause of action based on section 1983, [Plaintiff] must establish two elements: (1) that [he] suffered a depravation of rights, privileges, or immunities secured by the Constitution and laws of the United States, and (2) that the act or omission

5

causing the depravation was committed by a person acting under color of law." Wideman v. The Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987) internal quotations and citations omitted). "The traditional definition of acting under the color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (internal citations and quotations omitted). Plaintiff has failed to allege any facts which support a finding that any of the Defendants acted under color of law. Therefore, Defendants are entitled to dismissal of Plaintiff's § 1983 claims.

The allegations supporting Plaintiff's § 1985 claim are that the Defendants conspired to dismiss the valid claims of Plaintiff.

> The elements of a cause of action under section 1985(3) are '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.' United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 3356, 77 L. Ed. 2d 1049 (1983). More specifically, the second element requires a showing of "some racial, or perhaps otherwise class-based,

6

> invidiously discriminatory animus behind the conspirators'
> action."
>
> Id. at 829, 103 S. Ct. at 3356 (quoting Griffin v. Breckenridge,
> 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed. 2d 338 (1971)).

Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 627-28 (11th Cir. 1992).

Plaintiff has failed to allege any facts that would support a finding that Defendants' actions were the result of a racial or otherwise class-based discriminatory animus. Therefore, Plaintiff has failed to sufficiently allege a claim pursuant to Section 1985, and Defendants are entitled to have the Section 1985 claims dismissed.

Plaintiff asserts claims against Defendants Nichols and Cruser based upon 18 U.S.C. § 242. However, 18 U.S.C. § 242 is a criminal statute. "[B]ecause a private citizen cannot initiate a federal criminal prosecution and because the statutes do not provide a private right of action for damages," the Complaint fails to state claim for which relief can be granted pursuant to the statute. United States *ex rel.* Stolls v. Martin, No. 3:06CV179/MCR/MD, 2006 W.L. 131711 (N. D. Fla. 2006).

In light of the Court's determination that all of Plaintiff's federal claims should be dismissed, the Court concludes that the supplemental state law claims

7

also warrant dismissal. 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's state law claims shall be **DISMISSED WITHOUT PREJUDICE**.

Based on the foregoing, Defendant's Motion to Dismiss [13] is hereby **GRANTED**. Plaintiff's claims arising under federal law are **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Motion to Waive Discovery and Expedite Case [19] is **DENIED AS MOOT**.

**SO ORDERED**, this  14th  day of July, 2009.

_____
**RICHARD W. STORY**
United States District Judge

8