**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW D. CUYLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-0498-RWS |
| ALLSTATE INSURANCE | : | |
| COMPANY, GEICO | : | |
| INSURANCE COMPANY, | : | |
| JENNIFER L. NICHOLS | : | |
| Attorney, and J. ROBB CRUSER, | : | |
| Attorney, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case is before the Court for consideration of Plaintiff's Motion to Disqualify [24]. After reviewing the record, the Court enters the following Order.

### **Background**

Plaintiff, proceeding *pro se*, filed this action to recover damages against Defendants for violating his civil rights and to have criminal charges brought against the individual Defendants. The procedural history of the litigation is set

out in the Court's Order [21] entered July 14, 2009. In that Order, the Court granted Defendants' Motion to Dismiss [13]. Thus, Plaintiff's claims arising under federal law were dismissed with prejudice, and Plaintiff's state law claims were dismissed without prejudice.

On July 23, 2009, Plaintiff filed Objections [23] to the Order and a Motion to Disqualify Judge [24]. In the Motion to Disqualify, Plaintiff contends that the Court "has violated Procedural Due Process, which violates Plaintiff's Civil Rights by not filing the codes of Judicial Conduct." (Mot. to Disqualify [24] at 2.) Plaintiff asserts that the Court has ignored rules and laws that provide "a fair and impartial system of justice." (Id.) Also, Plaintiff alleges that the undersigned failed "to disclose the facts that he was a party to a previous lawsuit involving Matthew D. Cuyler." (Id. at 3.) Plaintiff also challenges the impartiality of the undersigned. (Id.)

## Discussion

The propriety of recusal in a federal case is governed by two distinct statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. Plaintiff identifies both statutory bases for his motion, and the Court will accordingly evaluate the propriety of recusal under both provisions.

2

### A. 28 U.S.C. § 144

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Where a litigant submits a sufficient affidavit and certificate, recusal is mandatory; the presiding judge may take no further action in the litigant's case. See United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987). The statute's requirements, however, are strictly enforced. See, e.g., United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) ("Because the statute is heavily weighed in favor of recusal, its requirements are to be strictly construed to prevent abuse.") (internal quotations omitted). Moreover, while a court must

3

take as true all of the facts stated in the affidavit ("even when the court knows these allegations to be false"), see United States v. Alabama, 828 F.2d at 1540, the statements at issue must be such "that [they] would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). The alleged facts must be "material and stated with particularity" and "show that the bias is personal, as opposed to judicial, in nature." United States v. Alabama, 828 F.2d at 1540.

Here, when analyzed under § 144, Plaintiff's motion fails for several reasons. First, it is unaccompanied by the required affidavit. Further, it lacks a certificate of counsel stating that it is submitted in good faith. See 28 U.S.C. § 144 (stating that affidavit "*shall* be accompanied by a certificate of counsel of record stating that it is made in good faith") (emphasis supplied). In light of the mandatory and automatic nature of recusal under the statute, its potential for abuse, and the availability of other statutory mechanisms pursuant to which an unrepresented litigant may seek the recusal of a federal judge, the absence of such a certificate has proven fatal to even the § 144 motions of *pro se* litigants. See, e.g., Williams v. New York City Hous. Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003); Heimbecker v. 555 Assocs., No. 01-6140, 2003 WL 21652182, at \*4 (E.D. Pa. Mar. 26, 2003) (collecting cases); Mills v. City of

4

New Orleans, No. 02-2519, 2002 WL 31478223, at *2 (E.D. La. Nov. 4, 2002); Robinson v. Gregory, 929 F. Supp. 334, 337 (S.D. Ind. 1996). These procedural deficiencies alone compel the denial of Plaintiff's motion. See Sykes, 7 F.3d at 1339.

Even looking beyond those procedural failings, however, it is plain that any § 144 challenge would prove unavailing. To the extent that Plaintiff's allegations of personal bias and prejudice rest on Plaintiff's past, unsuccessful suit before the Court, they are unavailing. The undersigned harbors no personal animus towards Plaintiff, and its prior decisions reflect no more than the undersigned's efforts to fairly and correctly apply the law to the cases before it. In any event, even if the Court were to accept these allegations as true, allegations of this sort do not establish the type of bias necessary to sustain a § 144 motion. First, the decisions rendered adverse to Plaintiff were not appealed. See Cuyler v. City of Atlanta, *et al.*, No. 1:06-CV-140-RWS. Even had the underlying decisions proven flawed, however, it is settled that prior adverse judicial rulings supply no independent basis for recusal. See, e.g., United States v. Merkt, 794 F.2d 950, 960-61 (5th Cir. 1986); see also Giladi v. Strauch, No. 94 Civ. 3976, 1996 WL 18840, at *5 (S.D.N.Y. Jan. 18, 1996)

5

("'[R]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice.'") (quoting United States v. IBM Corp., 475 F. Supp. 1372, 1381 (S.D.N.Y. 1979)).

In summary, Plaintiff's Motion to Disqualify Judge under 28 U.S.C. § 144 is necessarily unavailing. It is procedurally deficient and fails to articulate cognizable bases for recusal under the rule.

**B. 28 U.S.C. § 455**

Analyzed under 28 U.S.C. § 455, Plaintiff's Motion fares no better. Section 455 requires recusal of a judge in a host of specific circumstances, not present here, see 28 U.S.C. § 455(b), and "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Although § 455 "liberalize[d] greatly the scope of disqualification in federal courts[,]" Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001) (quoting United States v. Alabama, 828 F.2d at 1541), and relieves litigants of the strict procedural predicates mandated by § 144, it does not invite recusal whenever it is requested by a party. Rather, recusal under subsection (a) is appropriate only where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about

6

the judge's impartiality . . . ." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotations omitted).

Importantly, unlike in the context of § 144, it is the facts, not the movant's allegations, that control the propriety of recusal. See id.; see also United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) ("A charge of partiality must be supported by some factual basis, however. Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.' ") (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)); Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [§ 455] need not be taken as true."). The rule is self-enforcing, and motions to recuse under § 455, while they may be referred to a judicial colleague for review, see United States v. Craig, 853 F. Supp. 1413, 1414-15 (S.D. Fla. 1994), are typically decided by the presiding judge. See McCuin v. Texas Power & Light Co., 714 F.2d 1255, 1259 (5th Cir. 1983).

Analyzing Plaintiff's § 455 challenge under this standard, it is clear the Motion must fail. Plaintiff's assertions of partiality (and, presumably, the appearance of partiality) rest first on the contention that the undersigned rendered an unfavorable decision against Plaintiff in a prior case and dismissed the instant action. It is plain that, just as in the context of § 144, such a

7

contention does not warrant recusal under § 455. See, e.g., Hepperle v. Johnston, 590 F. 2d 609, 614 (5th Cir. 1979) (prior ruling of court cannot support recusal under § 455).

Simply stated, while the Court is mindful of the importance of avoiding even the appearance of partiality, it is of the view that no reasonable observer, fully apprised of the facts, could question its impartiality in the instant action. Plaintiff's failure to obtain a favorable result in another case was not the product of any sinister intent or personal animus of the Court, but instead necessarily flowed from the merits of those actions. This Court's prior decisions and rulings in this action neither evince nor suggest any extrajudicial bias.

Plaintiff also contends that the undersigned was a party in the previous action brought by Plaintiff. However, the undersigned was not a party, but was the presiding judge. This does not warrant recusal under § 455.

## Conclusion

Based on the foregoing, Plaintiff's Motion to Disqualify Judge [24] is hereby **DENIED**.

8

**SO ORDERED**, this  2nd  day of September, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)